UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR HEDRICK, | No. 2:13-cv-1292 KJM AC PS |
| Plaintiff, | |
| v. | ORDER |
| DISTRICT ATTORNEY OFFICE, et al., | |
| Defendants. | |

Plaintiff, presently incarcerated at Butte County Jail, is proceeding in pro per and in forma pauperis in this action pursuant to 42 U.S.C. § 1983. On July 17, 2013, the undersigned dismissed plaintiff's complaint and granted him leave to file an amended complaint. Plaintiff has now filed an amended complaint.

The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,

490 U.S. at 327.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

In the first amended complaint ("FAC"), plaintiff describes three specific encounters with Butte County Sheriff's deputies in May and June 2013 that concern allegedly unlawful searches and seizures. Plaintiff, however, does not name any of these officers as defendants in this action. Instead, plaintiff names the Butte County Superior Court, the Butte County District Attorney's Office, and the Butte County Sheriff's Department for targeting and harassing him from 1995 through 2013.

As to the Butte County Superior Court, plaintiff describes an incident in 1996 when an unidentified Butte County Superior Court judge made an improper ruling from the bench. See ECF No. 6 at 5-6. "Judges are immune from damage actions for judicial acts taken within the jurisdiction of their courts. . . . Judicial immunity applies however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986). A judge can lose his or her immunity when acting in clear absence of jurisdiction, but one must distinguish acts taken in error or acts that are performed in excess of a judge's authority (which remain absolutely immune) from those acts taken in clear absence of jurisdiction. Mireles v. Waco, 502 U.S. 9, 12-13 (1991) ("If judicial immunity means anything, it means that a judge will not be deprived of immunity because the action he took was in error. . . or was in excess of his authority.") Thus, for example, in a case where a judge actually ordered the seizure of an individual by means of excessive force, an act

clearly in excess of his legal authority, he remained immune because the order was given in his capacity as a judge and not with the clear absence of jurisdiction. Id.; see also Ashelman, 793 F.2d at 1075 ("A judge lacks immunity where he acts in the clear absence of all jurisdiction...or performs an act that is not judicial in nature.") Therefore, plaintiff's claim directed to the Butte County Superior Court, which appears to be based entirely on this single judge's erroneous ruling, must be dismissed.

Similarly, plaintiff's claim against the Butte County District Attorney's office must be dismissed. Prosecutors are absolutely immune from liability under § 1983 when engaged in initiating a prosecution or presenting the state's case. Imbler v. Pachtman, 424 U.S. 409, 431 (1976); accord Buckley v. Fitzsimmons, 113 S. Ct. 2606, 2615 (1993). This immunity is necessary to assure that they can perform their function without harassment or intimidation. Fry v. Melaragno, 939 F.2d 832, 837 (9th Cir. 1991). If the prosecutor is performing acts "intimately associated with the judicial phase" of the litigation, he is entitled to absolute immunity from damage liability. Id. (citation omitted). Plaintiff's allegation that the District Attorney's Office misrepresented the number of strikes against plaintiff entails acts or omissions entitled to absolute immunity. Plaintiff's § 1983 allegations as to this defendant shall accordingly be dismissed.

Lastly, plaintiff's claims against the Butte County Sheriff's Department[1] must also be dismissed. This is because, as presently worded, plaintiff's claim rests on a theory of respondeat superior or vicarious liability, which cannot be a basis for a Section 1983 claim. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691-94 (1978). In order to prevail on his claim against the Sheriff's Department, plaintiff must identify a specific policy or practice as the "moving force" behind the alleged civil rights violation. Id. 694. Therefore, this claim must be dismissed. Plaintiff will however be granted leave to amend as to this defendant.

If plaintiff chooses to amend the first amended complaint, plaintiff must set forth the jurisdictional grounds upon which the court's jurisdiction depends. Fed. R. Civ. P. 8(a). Further, plaintiff must demonstrate how the conduct complained of has resulted in a deprivation of

---

[1] Plaintiff also asserts a claim as to the Butte County Jail, though there are no charging allegations as to this entity.

plaintiff's federal rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved.  There can be no liability under § 1983 unless there is some affirmative link between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (9176); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's first amended complaint is dismissed; and
2. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint"; plaintiff must file an original and two copies of the second amended complaint; failure to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

DATED: October 31, 2013

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

/mb;hedr1292.dism